UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE HYPOLITE,

    Petitioner,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"),

    Respondent.

No. C 14-0855 EDL (PR)

**ORDER OF DISMISSAL**

Petitioner, an alien awaiting removal, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's motion for leave to proceed in forma pauperis is GRANTED.

**DISCUSSION**

**A.    Standard of Review**

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). An extradition may be challenged by way of a petition for writ of habeas corpus in federal court. *See Roberts v. Reilly*, 116 U.S. 80 (1885); *Prasoprat v. Benov*, 421 F.3d 1009, 1013 (9th Cir. 2005). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

**B.    Legal Claims**

Petitioner is currently housed in the Yuba County Jail in Marysville, California. He states that an immigration judge has ordered him removed from the United States. He seeks habeas relief from the removal order, which he asserts is improper.

However, the REAL ID Act of 2005, makes the United States Court of Appeals the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, § 106(a)). Because petitioner is challenging the immigration judge's order of removal, this court lacks jurisdiction over his action. Petitioner's sole avenue for relief is to file a petition for review in the United States Court of Appeals for the Ninth Circuit.

## CONCLUSION

1. In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED** without prejudice to petitioner challenging his removal order in the United States Court of Appeals for the Ninth Circuit.

2. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June  3 , 2014.

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

G:\PRO-SE\EDL\HC.14\Hypolite8554.dsm.wpd